UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| YAMA RIBBONS AND BOWS CO., LTD. )<br>)<br>　　　　　　　Plaintiff,　　　)<br>)<br>　　v.　　　　　　　　　　　　)　　Court No. 21-00402<br>)<br>UNITED STATES,　　　　　　　　)<br>)<br>　　　　　　　Defendant.　　　)<br>_____ ) | |

## COMPLAINT

Plaintiff, Yama Ribbons and Bows Co., Ltd., ("Yama") through its attorneys, deKieffer & Horgan, alleges and states as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1.  This Complaint is brought by Plaintiff to contest certain aspects of the final administrative review results issued by the International Trade Administration of the United States Department of Commerce ("Commerce") in *Narrow Woven Ribbons with Woven Selvedge From The People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2018*, 86 Fed. Reg. 40462 (July 28, 2021) and accompanying Issues and Decision Memorandum ("*Final Results*").

2.  In the challenged decision, Commerce determined a countervailing duty margin of 42.20 percent.

### JURISDICTION

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and sections 516A(a)(2)(A)(i) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified

as 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and 1516a(a)(2)(B)(iii). Plaintiff contests the Department's *Final Results* specifically as applied to Plaintiff.

## STANDING OF PLAINTIFF

4. Plaintiff, Yama, is a Chinese producer and exporter of the subject merchandise that was the subject of the underlying review. Plaintiff participated in the underlying ITA administrative review proceeding as a mandatory respondent. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S C § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. The contested administrative review was published in the Federal Register on July 28, 2021. Plaintiff Yama is filing a Summons concurrently with this Complaint of the *Final Results*. The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended, 19 U.S C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

6. An administrative review of the countervailing duty order on narrow woven ribbons with woven selvedge (Ribbons) from the People's Republic of China (PRC) was initiated November 12, 2019, pursuant to a request by the petitioner. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 84 Fed. Reg. 61011 (November 12, 2019). Yama fully participated in this review as a mandatory respondent.

7. On January 27, 2021, Commerce published its preliminary results of the review. *See Narrow Woven Ribbons With Woven Selvedge From the People's Republic of China: Preliminary Results of Countervailing Duty Administrative Review; 2018,* 86 Fed. Reg. 7264 (January 27, 2021) Commerce determined a rate of 42.20 percent based on

responses submitted by the parties and on partial adverse facts available.

8. On July 28, 2021, Commerce published its *Final Results*. *See Narrow Woven Ribbons with Woven Selvedge From The People's Republic of China: Final Results of Countervailing Duty Administrative Review; 2018, 86 Fed. Reg. 40462 (July 28, 2021)* and accompanying Issues and Decision Memorandum ("*Final Results*"). The rate was unchanged at 42.20 percent.

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT ONE

9. Paragraphs 1 through 8 are adopted and incorporated, herein, by reference.

10. Commerce's decision to use facts otherwise available, including adverse facts available (AFA") in calculating a countervailing duty margin concerning export buyers credits was not reasonably determined, was not based on substantial evidence on the record, and was otherwise not in accordance with law.

## COUNT TWO

11. Paragraphs 1 through 10 are adopted and incorporated, herein, by reference.

12. Commerce's decision to use facts otherwise available, including adverse facts available (AFA") in calculating a countervailing duty margin concerning the provision of synthetic yarn at less than adequate remuneration ("LTAR") was not reasonably determined, was not based on substantial evidence on the record, and was otherwise not in accordance with law.

## COUNT THREE

13. Paragraphs 1 through 12 are adopted and incorporated herein, by reference.

14. Commerce's decision to use facts otherwise available, including adverse facts available (AFA") in calculating a countervailing duty margin concerning the provision of caustic soda at less than adequate remuneration ("LTAR") was not reasonably determined, was not based on substantial evidence on the record, and was otherwise not in accordance with law.

## COUNT FOUR

15. Paragraphs 1 through 14 are adopted and incorporated herein, by reference.

14. Commerce's decision to use facts otherwise available, including adverse facts available (AFA") in calculating a countervailing duty margin concerning the provision of electricity at less than adequate remuneration ("LTAR") was not reasonably determined, was not based on substantial evidence on the record, and was otherwise not in accordance with law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) hold that Commerce's *Final Results* was unsupported by substantial evidence and was otherwise not in accordance with law with respect to the claims advanced by Plaintiff in the Complaint; and

b) remand the *Final Results* to the Commerce Department with instructions to correct the errors set forth in this Complaint.

Respectfully submitted,

  /s/ John J. Kenkel_____
John J. Kenkel
Alexandra H. Salzman
Judith L. Holdsworth
J. Kevin Horgan
1090 Vermont Ave., N.W., Suite 410
Washington, D.C. 20005
Tel. (202) 783-6900
Fax )202)-783-6909

August 12, 2021

jkenkel@dhlaw.com
*Counsel for Plaintiff*
*Yama Ribbon and Bows Co., Ltd.*